IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01273-BNB

LEO SIMMONS,

    Applicant,

v.

TRAVIS TRAMI, Warden, Denver Reception and Diagnostic Center, and
JOHN SUTHERS, Attorney General, State of Colorado,

    Respondents.

---

ORDER

---

    This matter is before the Court on the Motion Requesting a Restraining Order or Temporary Restraining Order, ECF No. 6, filed by Applicant, Leo Simmons.  Mr. Simmons is a prisoner in the custody of the Colorado Department of Corrections at the Denver Reception and Diagnostic Center in Denver, Colorado.  In the Motion, Mr. Simmons challenges the conditions of his confinement and requests copies of different documents and forms, including the forms he needs to cure the deficiencies noted by Magistrate Judge Boyd N. Boland in the Order to Cure entered May 16, 2013.

    The Court must construe the Motion liberally because Mr. Simmons is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Motion will be denied.

The Federal Rules of Civil Procedure provide as follows with respect to issuance of a temporary restraining order:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

The Court finds that Mr. Simmons is not entitled to issuance of a temporary restraining order. Mr. Simmons initiated this action by filing a 28 U.S.C. § 2241 action challenging the execution of his sentence and the denial of gate money when he previously was released from prison. In the Motion, Mr. Simmons makes only a vague reference to his alleged illegal detainment. Mr. Simmons also fails to show an immediate and irreparable injury, loss, or damage due to his current incarceration. Furthermore, the individuals he claims are responsible for denying him forms and documents and treating him improperly are not named as parties to this action. Therefore, the Motion will be denied. Accordingly, it is

ORDERED that the Motion Requesting a Restraining Order or Temporary Restraining Order, ECF No. 6, filed on June 6, 2013, is denied. It is

FURTHER ORDERED that the Clerk of the Court is directed to send to Mr. Simmons the Court-approved forms used by prisoners when filing a 28 U.S.C. § 2241 action and a request for leave to proceed pursuant to 28 U.S.C. § 1915 in a habeas action. It is

FURTHER ORDERED that Mr. Simmons shall have thirty days from the date of this Order to cure all deficiencies listed in the May 16, 2013 Order. If he fails to comply within the time allowed the action will be dismissed without further notice.

DATED at Denver, Colorado, this   10th   day of       June          , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court