IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01273-BNB

LEO SIMMONS,

    Applicant,

v.

TRAVIS TRANI, Warden, Denver Reception and Diagnostic Center,
JOHN SUTHERS, ATTORNEY GENERAL OF THE STATE OF COLORADO,
LT. ALIRES,
CRISS, Medical Staff,
RAY RICE, Supervisor, and
DOUG, Supervisor,

    Respondents.

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

    Applicant Leo Simmons is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Fremont Correctional Facility in Cánon City, Colorado.  Mr. Simmons, acting *pro se*, initiated this action by filing a "Petition for Writ of Habeas Corpus Pursuant to Federal Rule 2241-Parole."  Magistrate Judge Boyd N. Boland reviewed the Petition, determined that it is deficient, and directed Mr. Simmons to file his claims on a Court-approved form used in filing 28 U.S.C. § 2241 applications.  On June 19, 2013, Mr. Simmons filed his claims on a proper form.

    The Court must construe the Application liberally because Mr. Simmons is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not act as a *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Simmons will be ordered to file an Amended Application.

The Amended Application must comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

The Application is twenty-one pages long and includes unnecessary legal references. Although Mr. Simmons has identified two claims, the supporting facts are rambling and are not stated in a short and concise manner. The claims also for the most part do not address the execution of Mr. Simmons' sentence but rather the conditions of his confinement. As Mr. Simmons has been instructed previously, *see Simmons v. Falk, et al.*, No. 12-cv-02742-LTB at ECF No. 18 (D. Colo. Feb. 22, 2013), the conditions claims are improperly raised in a § 2241 action. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (challenge to validity of conviction is purpose of a 28 U.S.C. § 2254 action and challenge to execution of a sentence is purpose of a 28 U.S.C. § 2241 action); *see also Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. Aug. 10, 2011) ("It is well-settled law that prisoners who wish to challenge only the

conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 . . . .").

The Court, therefore, will direct Mr. Simmons to file an Amended Complaint that complies with the pleading requirements of Rule 8 and states claims that are properly asserted pursuant to § 2241.  Mr. Simmons is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and Respondents to know what claims are being asserted and to be able to respond to those claims.

Furthermore, as Mr. Simmons has been instructed previously, *see Simmons v. Chapdelaine, et al.*, No. 12-cv-00130-LTB at ECF No. 4 (D. Colo. Feb. 2, 2012), pursuant to 28 U.S.C. § 2243 an application for writ of habeas corpus is directed to the person who has custody of the detained person.  Therefore, only one person needs to be named as Mr. Simmons' custodian.  Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Mr. Simmons file an Amended Application that complies with this Order.  It is

FURTHER ORDERED that Mr. Simmons shall obtain the Court-approved 28 U.S.C. § 2241 Application form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Simmons fails within the time allowed to file an Amended Application as directed, the action will be dismissed without further notice.

DATED August 2, 2013, at Denver, Colorado.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge