IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01273-BNB

LEO SIMMONS,

      Applicant,

v.

TRAVIS TRANI, Warden, Denver Reception and Diagnostic Center, and
JOHN SUTHERS, Attorney General of the State of Colorado,
LT. ALIRES,
CRISS, Medical Staff,
RAY RICE, Supervisor, and
DOUG, Supervisor,

      Respondents.

---

## ORDER

---

      This matter is before the Court on the "Motion Requesting an Injunction Relief,"

ECF No. 9, and the "Motion for Extraordinary Writ," ECF No. 18, filed by Applicant, Leo

Simmons.  Mr. Simmons is a prisoner in the custody of the Colorado Department of

Corrections at the Fremont Correctional Facility in Cánon City, Colorado.  In both of the

Motions, like Mr. Simmons did in a previous Motion, ECF No. 6, filed in this case, he

challenges the conditions of his confinement and claims he is illegally incarcerated.  Mr.

Simmons requests that the Court address the alleged conditions and illegal

incarceration and enter a restraining order against prison staff.  Also, in the Motion for

Extraordinary Writ, Mr. Simmons appears to request that the Court direct prison staff to

assist him with curing the deficiencies noted by the Court in the May 16, 2013 Order.

      The Court must construe the Motions liberally because Mr. Simmons is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as

an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, the Motions will be denied.

The Federal Rules of Civil Procedure provide as follows with respect to issuance

of a temporary restraining order:

> The court may issue a temporary restraining order without
> written or oral notice to the adverse party or its attorney only
> if:  (A) specific facts in an affidavit or a verified complaint
> clearly show that immediate and irreparable injury, loss, or
> damage will result to the movant before the adverse party
> can be heard in opposition; and (B) the movant's attorney
> certifies in writing any efforts made to give notice and the
> reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

The Court finds that Mr. Simmons is not entitled to issuance of a temporary

restraining order.  Mr. Simmons initiated this action by filing a 28 U.S.C. § 2241 action.

Pursuant to the May 16, 2013 Order he filed an Amended Application on a Court-

approved form used in filing § 2241 actions.  He now has been directed to amend the

Application and comply with the pleading requirements of Fed. R. Civ. P. 8.  In the

Motions at issue in this Order, Mr. Simmons makes only conclusory statements about

the legality of his current incarceration and fails to show an immediate and irreparable

injury, loss, or damage due to his current incarceration.  Furthermore, his request to

direct prison staff to assist him in curing deficiencies is moot because Mr. Simmons has

cured the noted deficiencies, and the conditions of confinement claims are not properly

raised in a § 2241 action.  Therefore, the Motions will be denied.  Accordingly, it is

ORDERED that the Motion Requesting an Injunction Relief, ECF No. 9, and the

Motion for Extraordinary Writ, ECF No. 18, are denied.

DATED at Denver, Colorado, this __6th__ day of __August__, 2013.


BY THE COURT:

_s/ Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

3