IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01273-BNB

LEO SIMMONS,

    Applicant,

v.

TRAVIS TRANI, WARDEN, DRDC,

    Respondent.

## ORDER TO FILE PRELIMINARY RESPONSE

Applicant, Leo Simmons, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Fremont Correctional n Cañon City, Colorado. Mr. Simmons, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging both the execution of his sentence and the conditions of his confinement.

Mr. Simmons is subject to filing restrictions under 28 U.S.C. § 1915(g). *See Simmons v. Clements, et al.*, No. 12-cv-03366-LTB, ECF No. 11 (D. Colo. June 16, 2013). By asserting the conditions of confinement claims in this action, Applicant is attempting to circumvent his filing restrictions. If Applicant initiates any subsequent § 2241 actions in this Court that are attempts to circumvent his filing restrictions the Court will consider monetary sanctions against him.

The only claim the Court will address in this action is Applicant's claim that he is being held without a mittimus or a warrant of commitment.

As part of the preliminary consideration of the Application in this case and pursuant to *Keck v. Hartley*, 550 F. Supp. 2d 1272 (D. Colo. 2008), the Court has determined that a limited Preliminary Response is appropriate.  Respondent is directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies.  If Respondent does not intend to raise either of these affirmative defenses, Respondent must notify the Court of that decision in the Preliminary Response. Respondent may not file a dispositive motion as a Preliminary Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Preliminary Response, Respondent should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Preliminary Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies.  Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2241 action in this Court.  Accordingly, it is

ORDERED that **within twenty-one days from the date of this Order** Respondent shall file a Preliminary Response that complies with this Order.  It is

FURTHER ORDERED that **within twenty-one days of the filing of the Preliminary Response** Applicant may file a Reply, if he desires.  It is

3

FURTHER ORDERED that if Respondent does not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, Respondent must notify the Court of that decision in the Preliminary Response.

Dated:  September 11, 2013

BY THE COURT:

s/Boyd N. Boland
United States Magistrate Judge