IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01273-BNB

LEO SIMMONS,

      Applicant,

v.

TRAVIS TRANI, Warden, DRDC,

      Respondent.

---

## ORDER OF DISMISSAL

---

      Applicant, Leo Simmons, is in the custody of the Colorado Department of Corrections and is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado.  Applicant initiated this action *pro se* by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Applicant was granted leave to proceed pursuant to 28 U.S.C. § 1915.  On August 2, 2013, Magistrate Judge Boyd N. Boland directed Applicant to file an Amended Application that complied with Fed. R. Civ. P. 8.

      On September 3, 2013, Applicant filed an Amended Application.  After review of the Application, Magistrate Judge Boland found that it asserts, in part, conditions of confinement claims.  The only proper claim under § 2241 is that Applicant is being held without a mittimus or a warrant of commitment.  The Court has reviewed the Second Amended Application filed on September 3, 2013.  Applicant's claims concerning retaliation and fraudulent prison records challenge the conditions of his confinement and are not properly raised in a § 2241 action.  *See Montez v. McKinna*, 208 F.3d 862, 865

(10th Cir. 2000) (challenge to validity of conviction is purpose of a 28 U.S.C. § 2254 action and challenge to execution of a sentence is purpose of a 28 U.S.C. § 2241 action); *see also Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. Aug. 10, 2011) ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 . . . ."). The Court agrees that the only proper claim in this § 2241 action is the claim that Applicant is being held illegally without a mittimus or warrant of commitment.

After a review of the Second Amended Application, Magistrate Judge Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies. On October 2, 2013, Respondents filed a Response. Applicant did not reply.

The Court must construe the Application liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a pro se litigant's advocate. *See Hall*, 935 F.2d at 1110. The action will be dismissed for the reasons stated below.

Applicant asserts that he is being held without a mittimus or a warrant of commitment. Sec. Am. Application, ECF No. 26, at 2. Applicant also states he has been denied grievances and appeals by prison staff, but he has "alerted" the courts about his claim. *Id.*

An applicant must exhaust state remedies before he may pursue his claims in a habeas corpus action in this Court. *See Wilson v. Jones*, 430 F.3d 1113, 1118 (10th

2

Cir. 2005).  Like other habeas applicants, a § 2241 applicant fulfills the requirement to exhaust state remedies once the issue has been "fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002).  This requirement "is satisfied if the federal issue has been properly presented to the highest state court."  *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard*, 404 U.S. at 278; *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus applicant to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Respondent asserts that Applicant's parole was revoked on April 23, 2013, due to a violation of the conditions of his parole, and he was remanded to prison for 180 days.  Prelim. Resp., Ex. B, ECF No. 32-2.  Applicant filed a habeas corpus petition on May 16, 2013, challenging his unlawful restraint.  Prelim. Resp., Ex. C, ECF No. 32-3, at

2.  The petition was denied on May 17, 2013, but Applicant did not file an appeal of the denial.  *Id.*  Applicant does not assert otherwise.

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his . . . claims through one 'complete round of the State's established appellate review process.' "  *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).  Because Applicant has not appealed the denial of his challenge to his alleged illegal incarceration he has failed to complete exhaustion of the state appellate review process.  The Application, therefore, will be denied and the action dismissed for failure to exhaust state court remedies prior to initiating the instant lawsuit.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action dismissed without prejudice for failure to exhaust state court remedies before seeking federal court review. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED December 4, 2013, at Denver, Colorado.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court